### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JUDITH WALKER**                                                                                       **PLAINTIFF**

**V.**                                                               **CAUSE NO. 1:13CV313-LG-JCG**

**MARRIOT INTERNATIONAL, ET AL.**                                              **DEFENDANTS**

### ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [22] Motion to Dismiss filed by Defendant BRV Realty pursuant to Federal Rule of Civil Procedure 41(b).  Defendant seeks dismissal of this case on the grounds that Plaintiff Judith Walker has failed to comply with this Court's order to notify the Court of her decision to retain new counsel or proceed pro se in this action following her attorney's withdrawal over six months ago.  The Court ordered Walker to respond to the Motion to Dismiss several weeks ago, but she has failed to do so.  Therefore, the Court finds that Plaintiff Walker's case should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

### BACKGROUND

The record in this case demonstrates that Plaintiff Walker's counsel moved to withdraw as her attorney, citing "problems communicating with [his] client" as a basis for his withdrawal.  (Am. Mot. to Withdraw, ECF No. 13).  Plaintiff did not oppose her attorney's Motion.  The United States Magistrate Judge held a hearing on the Motion to Withdraw, and the plaintiff did not attend the hearing or contact the Court.  The Court granted the Motion to Withdraw, and granted Plaintiff

Walker a period of thirty (30) days to retain new counsel or inform the Court that she intended to proceed pro se. (Text Only Order, March 11, 2014). The Court also informed the plaintiff that "[t]his matter may be dismissed for failure to follow this Order."[1] (*Id.*)

Plaintiff Walker has never complied with the Court's order to inform the Court that she intends to proceed pro se or hire new counsel. Defendant BRV Realty has served discovery on the plaintiff, including requests for production and interrogatories, but it does not appear from the record that the plaintiff has responded to those discovery requests. Plaintiff Walker has not filed any pleadings or otherwise taken any action on the record in this case since March of this year, when her counsel was permitted to withdraw. After she failed to respond to the defendant's Motion to Dismiss, the Court ordered her to do so, and informed her that her case would be dismissed for want of prosecution if she failed to respond within ten (10) days. (Order Directing Pl. to Resp. to Mot. to Dismiss, ECF No. 27). That deadline has now passed.[2] Walker has not contacted the Court or otherwise attempted to prevent her case from being dismissed.

---

[1] The record demonstrates that Plaintiff Walker received a copy of the order granting her time to obtain new counsel or otherwise inform the Court of her decision to proceed pro se. (Acknowledgment of Receipt of Text Only Order filed on 3/11/14 and Minute Entry, ECF No. 21).

[2] The record indicates that this Court's Order Directing Plaintiff to Respond to the Motion to Dismiss was delivered to Plaintiff Walker's address on September 8, 2014. (Acknowledgment of Receipt, ECF No. 28).

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).  Courts have long held the authority to dismiss an action for the plaintiff's failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

Here, Plaintiff Walker has failed to comply with multiple Court orders and has not filed any pleadings or otherwise taken any action in this case for a period of some six months.  This Court ordered Walker to respond to the pending Motion to Dismiss within ten (10) days on September 3, 2014, and stated at that time that the case would dismissed if Walker did not respond.  Walker has wholly failed to pursue any action to maintain her case against the defendants.  Plaintiff filed this lawsuit; it is her responsibility to prosecute it, and she has not done so.  Accordingly, the Court finds that a dismissal of Plaintiff's action is proper under Federal Rule of Civil Procedure 41(b).  *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [22] Motion to Dismiss filed by Defendant BRV Realty is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 26th day of September, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE